IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EXTRUSION DIES INDUSTRIES, LLC,

                              Plaintiff,

     v.

BIELLONI CASTELLO S.P.A.,

                              Defendant.

ORDER

3:07-cv-583-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action for monetary relief, plaintiff Extrusion Dies Industries, LLC alleges that defendant Bielloni Castello S.P.A. breached its contract with plaintiff by refusing to pay amounts due to plaintiff for production and delivery of a special-order die and an accompanying "feedblock." As a result, plaintiff contends that defendant has been unjustly enriched in an amount in excess of $75,000. Plaintiff alleges that this court has jurisdiction to hear its claim under the diversity statute, 28 U.S.C. § 1332. However, plaintiff's complaint does not allege facts sufficient to allow this court to draw the conclusion that defendant's citizenship is diverse from plaintiff's.

       District courts have an independent obligation to insure that subject matter jurisdiction exists, Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006). The Court of

1

Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). Federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000).

Plaintiff alleges in its complaint that it is a Wisconsin limited liability company with its principal place of business in Chippewa Falls, Wisconsin. However, a limited liability company's principal place of business is not relevant to its citizenship. Limited liability partnerships and limited liability companies (but not limited liability corporations) have the same citizenship as each of their partners. Therefore, if one partner, general, or limited, is a citizen of the same state as an opposing party, complete diversity does not exist. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix and von Gontard, 385 F.3d 737, 738 (7th Cir. 2004); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). In this case, the plaintiff has not provided the court with information regarding the citizenship of each of its partners. Therefore, it is impossible to know whether any partners are citizens of Wisconsin.

Plaintiff further alleges in its complaint that defendant Bielloni Castello S.P.A. is an Italian company that has operations in Italy and its offices at Via Della Misericordia 46,

20046 Biassono—MI, Italy. For the purpose of diversity jurisdiction, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); Metropolitan Life Insurance Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Plaintiff has asserted neither defendant's principal place of business nor does plaintiff say where defendant is incorporated. If Bielloni was incorporated in or organized under the laws of Italy, plaintiff must say that. Simply declaring it to be an "Italian company" is not enough. Moreover, plaintiff must tell this court where Bielloni has its principal place of business. If its principal place of business is also Italy, or any state in the United States other than Wisconsin, diversity jurisdiction will be established. Without this additional information, however, a doubt exists whether this court has the jurisdiction to resolve plaintiff's claims.

ORDER

IT IS ORDERED that plaintiff Extrusion Dies Industries, LLC may have until December 20, 2007, in which to serve and file a statement clarifying

1.  the citizenship of each of plaintiff's partners,

2.  the citizenship of defendant Bielloni Castello S.P.A.; and

3.  the principal place of business of defendant Bielloni Castello S.P.A..

If, by December 20, 2007, plaintiff fails to show that defendant's citizenship is diverse from plaintiff's, this action will be dismissed for lack of jurisdiction.

    Entered this 10th day of December, 2007.

                      BY THE COURT:

                      /s/
                      BARBARA B. CRABB
                      District Judge